

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 20 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PAUL ROMAN, P.C., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 1:17-CV-3209-TWT |
| GREGORY BRYANT, | ) CASE FILED UNDER SEAL |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Paul Roman, P.C. ("Plaintiff" or "Roman") by and through its undersigned attorneys, and pursuant to Fed.R.Civ.P. 56 and Local Rules of the Northern District of Georgia, Rule 56.1 (b)(1) files this Brief in Support of Motion for Summary Judgment as to all claims asserted against Defendant, showing the Court as follows:

I. **INTRODUCTION**

**In a representation agreement,** as a contingency fee for providing legal services, Defendant Gregory Bryant ("Defendant" or "Bryant") promised he would pay him twenty percent (20%) of his recovery from his Internal Revenue Service ("IRS") whistleblower claim. Five days after Bryant accepted the award from the

IRS, Bryant informed Roman that he would pay him "zero" claiming that Roman had done nothing and keep the portion of the award that is Plaintiff's fee. Although Bryant signed the contract, held Roman out to the IRS as his attorney, were involved in hundreds of telephone conversations and meetings over the four and half years, never terminated Roman's representation, Bryant refused to pay him and Roman has been forced to file this lawsuit to collect his fee.

## II.   FACTUAL BACKGROUND

To avoid unnecessary duplication, Plaintiff hereby incorporates into this Brief by reference its Statement Of Undisputed Material Facts in its entirety as if stated fully herein.

In November 2012, Plaintiff and Defendant executed a Representation Agreement by which Paul Roman, P.C. and The Pate Law Firm, LLC were engaged to represent Gregory Bryant in his IRS Whistleblower claims under 26 U.S.C. Section 7623 (the "Representation Agreement). Statement of Material Facts ("SOMF"), ¶ 1, Exhibit A. That representation agreement was never terminated. Id. at ¶ 2 ("Did I terminate this agreement, no, I did not.") Bryant, an attorney and CPA, knows what a contract is, read the contract and understood the terms of the contract. Id. at ¶¶ 3-5. In so doing, he fully understood that the representation

agreement was for a 30% contingency of any recovery, and that Paul Roman, PC would receive 20% of and Page Pate would receive 10% of any recovery. Id. at ¶6.

After engaging Roman and Pate to represent him in his whistleblower lawsuit, Bryant held Roman out as his attorney. To wit, Bryant executed a Power of Attorney specifically identifying both Paul Roman and Page Pate as his attorneys. Id. at ¶7, Exhibit B. Over the next several years Roman participated in representation of Bryant by (a) researching law and practice in the area of Whistleblower claims under 26 U.S.C. Section 7623; (b) finding and associating Pate; (c) assisting with the editing of documents for submission to the IRS; (d) constantly counseling Bryant over the four-year representation period, and (e) conducting hundreds of calls and conversations with Mr. Bryant about the process and claim. Id. at ¶8.

On July 31, 2017, the IRS sent its preliminary award letter under Section 7623(b) and awarding $4,945,382.07 which Mr. Bryant accepted on August 3, 2017. A copy of the preliminary award, accepted and signed by Mr. Bryant was entered as Id. at 9, Exhibit C. Five days after accepting an award of nearly $5,000,000, Bryant notified Roman that "Page is getting paid $491,000 and you are getting zero." Id. at 10, Exhibit D. Bryant paid Pate his 10% fee under the Representation Agreement. Id. at 11 ("[Pate] received 494,000" and "That represented 10 percent of the total recovery).

3

Pre-litigation efforts by Roman to be paid by Bryant resulted in Bryant telling him that he would get "zero", and Bryant denying Roman was ever even an attorney for him. Id. at ¶12, Exhibit E (In his letter to counsel for Roman on August 22, 2017, now 19 days after accepting the $5,000,000 award, Bryant said "Paul Roman was never my attorney."

Bryant has yet to pay Roman's fee which was deposited into the registry of the Court at the outset of this litigation. Bryant admits that he neither paid Roman twenty-percent (20%), nor paid the entire recovery amounts into Roman's escrow account in accordance with the Representation Agreement. Bryant Depo., pp. 61-62. Bryant further admits to paying Pate ten-percent (10%) of the award in accordance with the Representation Agreement within two days of receiving the check. Bryant Depo., pp. 62-63. Under the clear terms of the Representation Agreement, Roman is entitled to a fee of $989,076.41. Roman has also been required to incur attorneys fees which he is entitled to recover from Bryant.

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   The Standard for Summary Judgment and Applicable Law

Plaintiff is entitled to summary judgment against Bryant on the breach of contract claim. In order to prevail at summary judgment, the moving party must

demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the non-moving party, warrant judgment as a matter of law. Fed. R. Civ. P. 56.

"Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Fielbon Dev. Co. v. Colony Bank of Houston County, 290 Ga. App. 847, 850, 660 S.E.2d 801, 805 (2008). A party opposing summary judgment must set forth specific facts amounting to more than a mere "scintilla" or evidence; there must be sufficient showing that the jury could reasonably find for the opposing party. Walker v. Darby, 911 F.2d 1573, 1577-78 (11th Cir. 1990) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 251 (1986). "'Contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court.'" Grot. v. Capital One Bank (USA), N.A., 317 Ga.App. 786, 793 (2012).

For counterclaims, Rule 56(c) mandates the entry of summary judgment after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).

Bryant has yet to pay Roman's fee which was deposited into the registry of the Court at the outset of this litigation. Under the clear terms of the Representation Agreement, Roman is entitled to a fee of $989,076.41. Roman has also been required to incur attorneys fees which he is entitled to recover from Bryant.

**B. There is no material question of fact that a contract existed between Mr. Roman and Bryant**

There is no material question of fact that the Representation Agreement is a valid contract. To constitute a valid contract, there must be parties able to contract, a consideration, the assent of the parties to the terms of the contracts, and a subject matter upon which the contract can operate. O.C.G.A. § 13-3-1. A contract that is intended to be signed by both parties, and so appears on its face, is thus complete when signed. MAPEI Corp. v. Prosser, 328 Ga.App. 81, 84 (2014) (holding that because it is within the undisputed facts that defendant signed the contract on June 7, 2011, the contract containing the non-compete covenant became binding on June 7, 2011).

The Representation Agreement is a valid contract. The Representation Agreement between Plaintiff and Defendant is a valid contract. Not only does Bryant admit to signing the Representation Agreement, but also, he testified that he read and reviewed the Representation Agreement and understood that on its face, it

is a contract. SOMF at ¶¶ 3-5. Bryant further responded affirmatively when asked, "and you understand absolutely what a contract is, yes?" Id. Moreover, Defendant testified that he did not terminate the Representation Agreement Id. at ¶ 2 ("Did I terminate this agreement, no, I did not.") Because Defendant signed the Representation Agreement with full knowledge and understanding of its contractual implications, the Representation Agreement became a complete contract when signed. Further, because neither Defendant, nor Plaintiff has terminated the Representation Agreement, it remains a valid contract.

The cardinal rule of contract construction "is to ascertain the intention of the parties." O.C.G.A. § 13-2-3. When the contract terms are clear and unambiguous, the court looks to that alone to find the true intent of the parties. Roca Properties, LLC v. Dance Hotlanta, Inc., 327 Ga.App. 700, 707 (2017); Romine, Inc. v. Savannah Steel Co., 160 S.E.2d 659, 660 (1968) ("The cardinal rule of construction is to ascertain the intentions of the parties," and the Court does so first by looking to the language within the four corners of the contract). Bryant testifies that the Representation Agreement states that he hired Roman. (Bryant Depo 106:1-3). When Pate represented to the IRS that his firm and Plaintiff represent Defendant, Defendant makes no attempt to correct such representation. (Bryant Depo. 94:18-25; Exhibit 6). Defendant agrees that Representation Agreement clearly and

7

unambiguously includes a thirty-percent (30%) contingency fee to be divided as twenty-percent (20%) to Plaintiff and ten-percent (10%) to Pate. (Bryant Depo 52:13-16).

### C. The contingency fee in the Representation Agreement is reasonable.

The agreed-upon thirty-percent (30%) contingency fee (twenty-percent (20%) to Plaintiff and ten-percent (10%) to Pate) in the Representation Agreement is reasonable. Entering a contingency fee agreement "is a gamble for both the lawyer and the client, because the value of the professional services actually rendered by the lawyer may be considerably higher or lower than the agreed-upon amount, depending on how the litigation proceeds." Georgia Dept. of Corrections v. Couch, 295 Ga. 469, 484 (2014). When parties enter into a contingency fee contract, where one party would receive a specified percent of any settlement or verdict, and the contingent settlement or award in fact occurs, the party is entitled to the fee specified in the contract. Wells v. Jones, 168 Ga.App. 379, 379 (1983); Brookhaven Supply Co. v. Rary, 131 Ga.App. 310, 311 (1974). To determine whether a contingency fee is reasonable, a party must show that it was a usual or customary fee for that type of case and that it was a valid indicator of the value of the professional services rendered.

Plaintiff's and Mr. Pate's thirty-percent (30%) contingency fee is reasonable for a whistleblower case and for the services they provided. Michael Sullivan, an expert on handling 7623(b) whistleblower cases indicates that a thirty-percent (30%) contingency fee is "a very good arrangement." Sullivan Depo. pp. 80 Plaintiff's responsibilities included protecting Defendant's anonymity, finding co-counsel, and managing the client, Defendant. (Roman Depo 33:21-34:20). This also included researching, analyzing, communicating, editing, and managing Defendant for four and a half years while the claim was pending. Id.

### D. There is no material question of fact that Bryant breached the Representation Agreement.

Bryant breached the Representation Agreement when he failed to pay Roman twenty-percent (20%) of the award as stated in the contract. Bryant admits that he neither paid Roman twenty-percent (20%), nor paid the entire recovery amounts into Roman's escrow account in accordance with the Representation Agreement. Bryant Depo., pp. 61-62. Bryant further admits to paying Pate ten-percent (10%) of the award in accordance with the Representation Agreement within two days of receiving the check. Bryant Depo., pp. 62-63. Bryant's failure to comply with the terms of the Representation Agreement amount to a breach of contract.

### E. There is no material question of fact that Roman suffered an injury as a result of Mr. Bryant's breach of the Representation Agreement.

Roman suffered an injury arising from Bryant's breach of the Representation Agreement. Damages are given as compensation for the injury arising according to the breach of a contract. O.C.G.A. § 13-6-1; O.C.G.A. § 13-6-2. To this day, Bryant has not paid Roman any percent of the recovered award. Roman is entitled to a fee of $989,076.41 in accordance with the Representation Agreement. Because of Mr. Bryant's breach, Mr. Roman also has been required to incur attorneys fees, which he is entitled to recover from Bryant.

### F. Defendant Not Entitled to Unjust Enrichment Counterclaim

Roman is entitled to summary judgment against Bryant on the unjust enrichment claim. Bryant's counterclaim for unjust enrichment must fail as a matter of law as there is a written contract and performance on the contract by Roman. "A claim of unjust enrichment will lie if there is no legal contract and the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received."

Campbell v. Ailion, 338 Ga. App. 382, 386–87, 790 S.E.2d 68, 73 (2016), reconsideration denied (July 28, 2016)

IV. CONCLUSION.

Plaintiff requests that this Court GRANT its Motion for Summary Judgment, and award Plaintiff damages in the contract amount of $989,076.41, plus statutory interest, and attorneys' fees.

Respectfully submitted, this 20th day of August, 2018.

Kevin L. Ward, Georgia Bar No. 737020
J. Zachary Zimmerman, Georgia Bar No. 785135
**SCHULTEN WARD TURNER & WEISS, LLP**
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 Telephone
404-688-6840 Facsimile
k.ward@swtwlaw.com
z.zimmerman@swtwlaw.com

Steven H. Sadow, Georgia Bar No. 622075
**LAW OFFICE OF STEVEN SADOW**
260 Peachtree Street, NW, Suite 2502
Atlanta, Georgia 30303
404-577-1400 (Phone)
404-577-3600 (Fax)
stevesadow@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing PLAINTIFF'S BREIF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT upon counsel for Defendant by email and United States mail, postage prepaid, properly sealed and addressed to:

Robert Shaw, Esq.
Gordon & Rees, LLP
421 Fayetteville Street, Suite 330
Raleigh, North Carolina 27601
rshaw@grsm.com

Kimberly Sheridan, Esq.
Leslie Eason, Esq.
Gordan & Rees, LLP
3455 Peachtree Road NE, Suite 1500
Atlanta, GA 30326
k.sheridan@grsm.com
leason@grsm.com

So certified, this 20th day of August, 2018.

SCHULTEN WARD TURNER & WEISS, LLP

_____
Kevin L. Ward, Georgia Bar No. 737020

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
k.ward@swtwlaw.com